UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUE SENG THAO, | No. 2:14-cv-1791 KJN P |
| Petitioner, | |
| v. | ORDER |
| CLARK E. DUCART,[1] | |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On August 27, 2014, petitioner filed an application to proceed in forma pauperis as required by this court's August 5, 2014 order.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

---

[1] Clark E. Ducart is the present warden of Pelican Bay State Prison, and is substituted as respondent herein. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

This action is proceeding on the original petition filed July 25, 2014, and signed by petitioner on July 14, 2014. On July 25, 2014, petitioner also filed a notice of unexhausted claims and a request to hold proceedings in abeyance. (ECF No. 3.) Petitioner claims that his petition contains unexhausted claims, known as a "mixed" petition, and seeks to stay this case pending exhaustion of his state court remedies. Rhines v. Weber, 544 U.S. 269, 276 (2005). For the following reasons, the court denies the motion for stay without prejudice.

II. Motion to Stay

A. Stay and Abeyance Procedures

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under Kelly will be able to amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims raised in the original federal petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred. See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75, (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines, 544

U.S. at 277. Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").

A petitioner who proceeds under Rhines can, in many instances, avoid a statute of limitations problem with respect to his unexhausted claims. See King, 564 F.3d at 1140. However, the requirements are more stringent for the granting of a stay under Rhines, as compared to Kelly. The Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. District courts should not grant a stay under Rhines if the petitioner has engaged in abusive litigation tactics or intentional delay, or if the unexhausted claims are plainly meritless. Id. at 278. Further, under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78).[2]

The decisions in both Kelly and Rhines "are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

B. Petitioner's Motion

As set forth above, petitioner specifically seeks to stay this case under Rhines. While not entirely clear, it appears that petitioner contends he demonstrates good cause because, based on his review of the trial transcripts, he determined that additional issues had not been raised. (ECF No. 3 at 3.) Petitioner argues that any default in failing to raise these claims in the petition for review was the result of ineffective assistance of appellate counsel. Petitioner contends he raised

---

[2] The Kelly procedure, which remains available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140.

1  these claims in the petition for writ of habeas corpus filed in the California Supreme Court to
2  fully and fairly present the claims for review on the merits.  Petitioner argues that he is entitled to
3  file a protective petition, relying on Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005)
4  ("petitioner's reasonable confusion about whether a state filing would be timely would ordinarily
5  constitute 'good cause' under Rhines.")  Petitioner asks the court to hold the petition in abeyance
6  under Rhines to provide the California Supreme Court with the opportunity to rule on the
7  collateral challenge, because denial of his motion would foreclose petitioner from seeking federal
8  habeas relief on such claims.  (ECF No. 3 at 5.)

      C.  Comparison of Claims

10  In the original petition, petitioner raises the following claims:  (1) the trial court erred
11  when it denied the motion to suppress statements made to police officers because those
12  statements were made involuntarily, in violation of the Fourteenth Amendment of the United
13  States Constitution; and (2) defense counsel was ineffective, in violation of the Sixth
14  Amendment, for failing to adequately articulate the suppression motion.  Both of these claims
15  were raised on direct appeal, in the Court of Appeal, and the California Supreme Court, and were
16  denied on the merits.  (ECF No. 1 at 31; 32.)  Thus, the instant petition contains fully exhausted
17  claims and is not a mixed petition.

18  In his separately filed notice and request to stay this case, petitioner lists his unexhausted
19  claims:  (1) ineffective assistance of counsel based on (a) defense counsel's statement that
20  petitioner "is indeed guilty of some of the crimes he's charged with.  He's guilty of assault with a
21  deadly weapon and he's guilty of . . . shooting at an occupied motor vehicle."  (ECF No. 3 at 8.);
22  (b) defense counsel's failure to object to the prosecutor's use of petitioner's co-defendant's
23  statements against petitioner; (c) failure to object and file a motion for mistrial based on an
24  alleged violation of the Confrontation Clause; and (2) the trial court erred when it denied
25  petitioner's motion to suppress his statements made to police officers.

      D.  Discussion

27  The instant petition includes only exhausted claims.  However, in his motion, petitioner
28  states that he filed a petition in the California Supreme Court raising his unexhausted claims on

July 18, 2014. (ECF No. 3 at 1.) The California Supreme Court website reflects that petitioner filed a petition for writ of habeas corpus on August 4, 2014, in Case No. S220439, and that the case was closed on October 15, 2014. <u>See</u> California Appellate Courts Case Information Website, Case No. S208953, <http://appellatecases.courtinfo.ca.gov> (updated and accessed October 28, 2014). Thus, it appears that petitioner has now exhausted his state court remedies as to his proposed new claims, and no stay is required. Petitioner's motion for stay is denied without prejudice, and petitioner is granted leave to file an amended petition in which he raises all of his exhausted claims for relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (ECF No. 9);

2. Clark E. Ducart is substituted as respondent herein;

3. Petitioner's motion for stay (ECF No. 3) is denied without prejudice; and

4. Within thirty days from the date of this order, petitioner is granted leave to file an amended petition raising all of his exhausted claims or, in the alternative, petitioner shall inform the court that he wishes to proceed on the original petition. Failure to comply with this order will result in the issuance of a briefing order on petitioner's original petition.

Dated: October 29, 2014

/thao1791.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE