UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUE SENG THAO, | No. 2:14-cv-1791 WBS KJN P |
| Petitioner, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| CLARK E. DUCART, | |
| Respondents. | |

I. Introduction

  Petitioner is a state prisoner, currently incarcerated at Pelican Bay State Prison, who proceeds without counsel and in forma pauperis. Petitioner has filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is (i) respondent's motion to dismiss the habeas petition as barred by the statute of limitations, and (ii) petitioner's motion to expand the record. For the reasons set forth below, the undersigned orders that petitioner's motion to expand the record is granted, and recommends that respondent's motion to dismiss also be granted.

II. Motion to Expand the Record

  Petitioner filed a motion to expand the record herein. (ECF No. 21.) By way of this motion, petitioner seeks to introduce a declaration and several documents that, he contends, bolster his argument for why his habeas petition should not be barred by the one-year statute of

1

limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

In response, respondent states that he "does not oppose the evidence submission," but maintains that the newly-proffered "evidence does not show a basis for equitable relief," i.e., for equitable tolling of the AEDPA statute of limitations. (ECF No. 22 at 1.)

As respondent does not oppose the introduction of the newly-submitted documents, the undersigned grants petitioner's motion to expand the record and consider these documents in evaluating whether the petition is barred by the applicable statute of limitations.

III. Motion to Dismiss

Respondent moves to dismiss the habeas petition as time-barred under AEDPA.

A. Chronology

For purposes of the statute of limitations analysis, the chronology of this case is deemed to be as follows:[1]

1. On February 8, 2011, a Sacramento County Superior Court jury convicted petitioner of (i) attempted first degree murder (Cal. Pen. Code §§ 664/187) with an enhancement for use of a firearm (Cal. Pen. Code § 12022.53(c)), (ii) assault with a firearm (Cal. Pen. Code § 245(a)(2)) with an enhancement for use of a firearm in the commission of a felony or attempted felony (Cal. Pen. Code § 12022.5(a)), and (iii) shooting at an occupied vehicle (Cal. Pen. Code § 246). In addition, the jury found gang enhancement allegations (Cal. Pen. Code § 186.22(b)(1)) not to be true. (ECF No. 1 at 7; People v. Thao, No. C068080, 2013 WL 266694 (Cal. Ct. App. Jan. 30, 2013)).

2. On April 8, 2011, the trial court sentenced petitioner to a state prison term of life with the possibility of parole plus 20 years. (Id.)

3. On December 22, 2011, petitioner, through counsel Matthew Wilson, filed a direct appeal of his conviction in the California Court of Appeal for the Third Appellate District. (Lod. Doc. No. 10.)

---

[1] The chronology is derived from documents attached as exhibits to the operative petition for writ of habeas corpus (ECF No. 1), documents lodged with the court by respondent (ECF Nos. 17, 23), and documents submitted by petitioner in conjunction with his motion to expand the record (ECF No. 21).

2

1          4. On January 24, 2013, the California Court of Appeal for the Third Appellate District
2   issued an unpublished opinion affirming petitioner's conviction in all respects. (ECF No. 1 at 8;
3   Thao, 2013 WL 266694 at *1; Lod. Doc. No. 1.)
4          5. On February 28, 2013, petitioner, through counsel Matthew Wilson, filed a petition for
5   review in the California Supreme Court. (Lod. Doc. No. 2)
6          6. On April 10, 2013, the California Supreme Court summarily denied petitioner's
7   petition for review. (Lod. Doc. No. 3.)
8          7. On October 15, 2013, petitioner filed a pro se motion for modification of his sentence
9   in the Sacramento County Superior Court. (Lod. Doc. No. 6.) Petitioner therein contended that
10  the trial court in his criminal trial had improperly imposed a $5000.00 restitution fine as a
11  component of his sentence, and sought a reduction of this fine to $200.00.
12         8. On October 21, 2013, the Sacramento County Superior Court denied petitioner's
13  motion for modification of his sentence. (Lod. Doc. No. 7.)
14         9. At an unspecified date, petitioner, through counsel Charles M. Bonneau, appealed the
15  denial of the motion for modification of his sentence. (People v. Thao, No. C075166, 2014 WL
16  1603649 (Cal. Ct. App. Apr. 22, 2014).)
17         10. On April 22, 2014, the California Court of Appeal for the Third Appellate District
18  issued an unpublished opinion denying petitioner's appeal on the grounds that the California
19  Supreme Court's April 10, 2013 denial of review of his earlier appeal was a "prior judgment
20  [which] is res judicata as to matters raised in the prior proceeding as well as to those which could
21  have been raised [in the prior proceeding]," including the restitution fine. (Lod. Doc. No. 8;
22  Thao, 2014 WL 1603649 at *1.)
23         11. On July 14, 2014, petitioner signed the operative pro se federal petition. (ECF No. 1.)
24  On July 25, 2014, the petition was docketed with this court. (ECF No. 1.) Petitioner
25  simultaneously filed a notice of unexhausted claims and a request to stay proceedings herein
26  pending exhaustion of his state court remedies pursuant to Rhines v. Weber, 544 U.S. 269 (2005).
27  (ECF No. 3.)
28  ////

12. On July 21, 2014, petitioner signed a pro se petition for writ of habeas corpus, which was docketed on August 4, 2014, in the California Supreme Court. (Lod. Doc. No. 4.)

13. On October 15, 2014, the California Supreme Court denied the state habeas petition without comment. (Lod. Doc No. 5.)

14. On October 29, 2014, the undersigned issued an order denying the stay sought by petitioner. (ECF No. 10.) That order was based on the court's review of the California Appellate Courts Case Information Website, which appeared to demonstrate that petitioner had exhausted his state court remedies in the months following the filing of his federal petition. (Id.) Accordingly, the undersigned granted petitioner leave to either file an amended petition raising all of his exhausted claims, or else to inform the court if he wanted to proceed on his original petition. (Id.)

15. On December 4, 2014, petitioner filed a notice indicating his wish to proceed on his original petition. (ECF No. 11.)

16. On December 12, 2014, the undersigned issued an order directing respondent to file a response to the operative petition. (ECF No. 12.)

17. On February 10, 2014, respondent filed a motion to dismiss the petition as time-barred under the applicable statute of limitations. (ECF No. 16.) On March 16, 2015, petitioner filed an opposition to the motion to dismiss (ECF No. 19), and on March 25, 2015, respondent filed a reply thereto (ECF No. 20).

B. <u>Legal Standards</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." <u>Id.</u> The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1991). Thus, the court reviews the motion to dismiss pursuant to its authority under Rule 4.

////

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under

5

California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). However, when a petitioner has filed multiple state habeas petitions, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."[2] Banjo, 614 F.3d at 968 (citation omitted).

Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled, but six months is not reasonable. Evans v. Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); Carey, 536 U.S. at 219 (same); Waldrip v. Hall, 548 F.3d 729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a "reasonable time").

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

C.  Date of Filing of Federal Habeas Petiton

Before turning to the substance of respondent's motion to dismiss, the court must determine the date on which the federal habeas petition was filed. Rule 3 of the Rules Governing Section 2254 Cases provides in pertinent part:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of

---

[2] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled." Banjo, 614 F.3d at 968-69 (citations and internal quotation marks omitted). In Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007), the Ninth Circuit explained that "[i]f the petition was denied on the merits, we will toll the time period between the two properly-filed petitions; if it was deemed untimely, we will not." Id. at 1075.

> this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d), 28 U.S.C. foll. § 2254.  The operative petition was signed under penalty of perjury on July 14, 2014, which would appear to satisfy the requirements of Rule 3.  And, in fact, respondent treated July 14, 2014 as the petition's filing date in his initial motion to dismiss.  (ECF No. 16 at 2.)

Petitioner's subsequently-filed motion to expand the record requires a reassessment of the filing date.  In his moving papers, petitioner sets forth pertinent facts, under penalty of perjury, indicating that he was not able to prepare his federal petition for mailing until July 21, 2014, at the earliest.  (ECF No. 21 at 3.)  Applicable Ninth Circuit precedent provides:

> Under the "mailbox rule," a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court.  Thus, to benefit from the mailbox rule, a prisoner must meet two requirements. First, the prisoner must be proceeding without assistance of counsel.  Second, the prisoner must deliver the petition to prison authorities for forwarding to the court within the limitations period.

Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (internal citations omitted).

As noted above, petitioner is proceeding pro se, thereby satisfying the first element of the mailbox rule.  However, there is nothing in the record to demonstrate when petitioner delivered the petition to prison authorities.  The petition arrived at this court on July 25, 2014.

Orders issued by magistrate judges in the Ninth Circuit, including the undersigned, have adopted a presumption that documents mailed from prison take three days to reach the court.  See Girley v. Swarthout, No. 2:12–cv–1938 KJN P, 2013 WL 1281871 (E.D. Cal. Mar. 26, 2013) (finding that "even if the undersigned granted petitioner three days for mailing, his filing would be one day late."); Smith v. Sinclair, No. C09–5766 RBL/KLS, 2010 WL 1980343 (W.D. Wash. May 4, 2010) (finding that undated federal habeas petition received December 9, 2009, was presumptively mailed on December 6, 2009).  In addition, the Federal Rules of Civil Procedure recognize a presumption that documents served by ordinary U.S. mail require three days for

7

delivery. See Fed. R. Civ. P. 6(d) ("When . . . service is made under Rule 5(b)(2)(C) . . . 3 days are added after period would otherwise expire . . . .").

Based on these authorities, and given that the petition was received by the court on July 25, 2014, the undersigned will deem the date of mailing (and therefore, of filing) to be July 22, 2014. Nevertheless, even if the court were to recognize July 21, 2014, as the applicable filing date, the undersigned would still recommend dismissal of the petition as time-barred, for the reasons set forth below.

### D.  Expiration of Statute of Limitations

The one-year limitations period for petitioner to seek federal habeas relief began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). This date appears to be July 9, 2013, for the reasons set forth below.

On April 10, 2013, the California Supreme Court summarily denied petitioner's petition for review on direct appeal. (Lod. Doc. No. 3.) Petitioner then had ninety days, or until July 9, 2013, to file a petition for writ of certiorari with the U.S. Supreme Court. See Sup. Ct. R. 13. Because petitioner did not file a petition for writ of certiorari, AEDPA's one-year statute of limitations began to run on July 10, 2013, and expired on July 9, 2014. Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999) (holding that AEDPA's one-year limitations period begins to run on the date "when the period within which the prisoner can petition for a writ of certiorari from the United States Supreme Court expires[.]"). In other words, petitioner was required to file his petition for federal habeas relief by July 9, 2014.

Petitioner did not file his petition in this action until July 22, 2014, some thirteen days after the expiration of the limitations period.

### E.  Statutory Tolling

Petitioner may not avail himself of statutory tolling under 28 U.S.C. § 2244(d)(2). Petitioner's direct appeal was denied by the California Supreme Court on April 10, 2013.[3]

---

[3] Petitioner's subsequent appeal of his restitution fine does not toll the AEDPA statute of limitations because, as recognized by the California Court of Appeal for the Third Appellate

8

Petitioner did not file a state habeas petition until July 21, 2014, twelve days after the AEDPA statute of limitations had run. As noted above, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino, 183 F.3d at 1006. As petitioner did not file his first state habeas petition until after the one-year statute of limitations under AEDPA had run, he is not entitled to statutory tolling of the limitations period.

F. Equitable Tolling

Petitioner seeks to avail himself of equitable tolling of the AEDPA statute of limitations.

Equitable tolling is available to toll the one-year statute of limitations in 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 560 U.S. 631 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997),

---

District in denying that appeal, the state court judgment against petitioner became final when the California Supreme Court denied review of his initial appeal. (Lod. Doc. No. 8 at 3; Thao, 2014 WL 1603649 at *1.) For purposes of determining when the AEDPA statute of limitations began to run, then, "a final decision [wa]s issued on direct state appeal," Nino, 183 F.3d at 1006, on April 10, 2013, not on April 22, 2014, when the California Court of Appeal denied petitioner's subsequent appeal.

overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling). To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]" Holland, 560 U.S. at 652. Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). See also Holland, 560 U.S. at 654 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail"); Doe v. Busby, 661 F.3d 1001, 1012 (9th Cir. 2011) ("[W]hether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'") (citing Holland, 560 U.S. at 650).

Petitioner seeks to justify his late filing on the following grounds. Petitioner has filed with the court a letter from his appellate counsel, dated January 13, 2014,[4] which provides in pertinent part: "As indicated in my letters, you still have an opportunity to attack the conviction through federal habeas corpus, which must be filed by July 19, 2014."[5] (ECF No. 21 at 11.) Petitioner states that, on the basis of the information provided by his appellate counsel, he was "attempting to get [his] writ out on July 18, 2014." (Id. at 3.) To that end, petitioner sought priority library use ("PLU") status on June 19, 2014, a status he was granted on June 27, 2014. (Id. at 10.) Petitioner was eventually granted permission to go to the law library on July 18, 2014

---

[4] The court notes that the letter is from Charles M. Bonneau, the attorney who handled petitioner's second direct appeal (of the denial of the motion to modify his restitution fine), rather than Matthew Wilson, the attorney who handled petitioner's initial direct appeal. As discussed further below, it appears that Mr. Bonneau represented petitioner solely for purposes of the second appeal, and not on his habeas petition; accordingly, the change of representation does not affect the analysis herein.

[5] As the correct filing deadline was July 9, 2014, the undersigned infers that petitioner's appellate counsel may have made a typographic error. However, definitive resolution of this question is unnecessary to resolve this motion.

1  – the day before he was informed that his petition had to be filed – in order to prepare his petition
2  for filing, but his library appointment was canceled and rescheduled for June 21, 2014.  (Id. at 3,
3  8.)  Petitioner also submitted a letter from a staff member at the Pelican Bay law library, dated
4  July 21, 2014, which provides that petitioner "has had difficulty accessing law library due to
5  lockdowns and modified programs.  These delays are due to matters outside his control."  (Id. at
6  7.)

7        Petitioner is essentially arguing, first, that his appellate counsel's provision of an
8  erroneous deadline for filing a federal habeas petition was an "extraordinary circumstance" that
9  prevented petitioner from timely filing his federal habeas petition, and, second, that petitioner
10 pursued his rights diligently in light of the erroneous deadline, and therefore, that equitable tolling
11 of the one-year statute of limitations is warranted.

12       The dispositive issue is whether appellate counsel's error in fact qualifies as an
13 "extraordinary circumstance" that warrants equitable tolling.

14       Ninth Circuit precedent makes clear that the form of attorney error presented in this case
15 does not constitute an "extraordinary circumstance," and therefore, provides an insufficient basis
16 for equitable tolling.  Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002).  In Miranda, the
17 petitioner, a California state prisoner, had until October 13, 2000, to file a federal habeas petition.
18 Id. at 1065.  On July 28, 1999, Miranda's appointed appellate counsel sent him a letter stating that
19 the California Supreme Court had denied Miranda's direct appeal, and advising that Miranda had
20 until April 23, 2001, to file a federal habeas petition.  Id. at 1066.  Miranda filed his federal
21 habeas petition on December 5, 2000, some fifty-three days beyond the correct deadline.  Id. at
22 1065.  The Ninth Circuit panel found that counsel's error did not constitute "extraordinary
23 circumstances," and consequently, that equitable tolling was unwarranted, reasoning as follows:

24 > [Counsel's] representation of Miranda *in connection with* Miranda's
25 > direct review had ended when [counsel] wrote the letter.  True, the
> attorney generously offered some final thoughts – which apparently
26 > included a miscalculated due date, or at least a typo – in a letter
> after the close of her representation.  Those thoughts, however,
27 > pertained not to the direct review for which she was appointed, but
> to habeas relief, for which she was not.  And Miranda had no right
> to that advice.
28

11

> [. . .]
>
> [B]ecause Miranda had no right to the assistance of his appointed appellate counsel regarding post-conviction relief, it follows that he did not have the right to that attorney's 'effective' assistance, either."

Id. at 1067-68 (emphasis in original).  See also Fain v. Mitchell, 76 Fed. Appx. 132 (9th Cir. 2003) ("Post-conviction counsel's miscalculation of Fain's statute of limitations deadline is not enough to warrant equitable tolling."); Laird v. Hill, 171 Fed. Appx. 216, 217 (9th Cir. 2006) ("Laird asserts that he is entitled to equitable tolling because of his lawyer's negligent advice regarding the statute of limitations.  However, it is well settled that mere negligent advice about the statute of limitations will not support a claim of equitable tolling."); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2009) ("To the extent that his counsel's negligence in miscalculating the filing deadlines in his state proceedings resulted in Randle also missing the federal deadline, we have held that an attorney's negligence in calculating the limitations period for a habeas petition does not constitute an 'extraordinary circumstance' warranting equitable tolling.").

Miranda is directly on-point with the facts of this case.  The letter from attorney Bonneau on which petitioner relies reads in its entirety as follows:

> I just received your letter dated January 8.  There are a couple of letters and the Brief which you may not have received when that letter was written.  You still seem determined to fight the restitution fine on your own.  This will require a Supplemental Brief.  The court of appeal will issue an order in a few weeks but you should prepare and file the Supplemental Brief as soon as you can.  Just repeat the arguments that you included in your last letter.  I don't believe that those arguments are meritorious, but you are welcome to make them.
>
> As indicated in my letters, you still have an opportunity to attack the conviction through federal habeas corpus, which must be filed by July 19, 2014.

(ECF No. 21 at 11.)  It is evident from the content of this letter that Mr. Bonneau's legal representation of petitioner did not extend to the filing of a habeas petition, and therefore, that petitioner "did not have the right to that attorney's effective assistance," Miranda, 292 F.3d at 1068, when petitioner subsequently proceeded in habeas.  However regrettable Mr. Bonneau's error may be, and its effect on petitioner's understanding of the statute of limitations, under Ninth

12

1 Circuit precedent, such an error is not an "extraordinary circumstance" that justifies equitable
2 tolling.
3 As it appears that extraordinary circumstances did not prevent petitioner from filing a
4 timely habeas petition, the undersigned need not reach the question of whether petitioner pursued
5 his rights diligently in light of the erroneous deadline.
6 Thus, after review of the record, the undersigned finds that petitioner has failed to meet
7 his burden of demonstrating the existence of grounds for equitable tolling.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to expand the record (ECF No. 21) be granted.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2015

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/thao1791.mtd.hc.sol