UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUE SENG THAO,<br><br>    Petitioner,<br><br>  v.<br><br>CLARK E. DUCART,<br><br>    Respondents. | No. 2:14-cv-1791 WBS KJN P<br><br><br>ORDER |

  Petitioner is a state prisoner.  On September 29, 2015, petitioner's pro se application for a petition for writ of habeas corpus was dismissed for failure to meet the applicable statute of limitations.  (ECF No. 30.)  The court issued the certificate of appealability referenced in 28 U.S.C. § 2253 on the issue of whether petitioner is entitled to equitable tolling.  (Id. at 2.)

  On November 2, 2015, plaintiff filed with this court a motion for a sixty-day extension of time in which to brief the issue of the certificate of appealability.  (ECF No. 32.)

  Petitioner appears to have misunderstood the appeals process.  The United States Court of Appeals for the Ninth Circuit may eventually require briefing on the issue of the certificate of appealability.  In the meantime, petitioner is subject to, and must comply with, the strict time limitations provided for filing an appeal under the Federal Rules of Appellate Procedure.  See Fed. R. App. P. 4(a)(5)(C).

  An appeal "from a district court to a court of appeals may be taken only by filing a notice

1

of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). The notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

The court will construe plaintiff's motion for an extension of time in which to file a brief regarding the certificate of appealability as a motion for an extension of time in which to file a notice of appeal. The proof of service attached to plaintiff's motion states that petitioner deposited the motion for mailing "in a receptacle so provided at Pelican Bay State Prison" on October 28, 2015. This date was twenty-nine days after the order of dismissal was issued, and therefore, under the "prison mailbox" rule of Houston v. Lack, 487 U.S. 266 (1988), appears to meet the deadline set forth in Federal Rule of Appellate Procedure 4(a)(5)(A)(i).

The question, then, is whether plaintiff has "show[n] excusable neglect or good cause," Fed. R. App. P. 4(a)(5)(A)(ii), for the grant of an extension of time in which to file a notice of appeal. In his motion, petitioner states that he filed a request for law library access on September 13, 2015 in anticipation of a need to research the issue of the certificate of appealability. However, as of October 28, 2015, petitioner had not once been permitted to access the law library. (ECF No. 32 at 2.) Petitioner adds: "Because petitioner did not yet get a chance to go to the law library to study and research on this matter petitioner do not know what to file." (sic) (Id. at 3.) On the basis of these facts, the court finds that petitioner has shown good cause for an extension of time in which to file a notice of appeal.

The Federal Rules of Appellate Procedure dictate the length of time available for extensions to file a notice of appeal. Specifically, Rule 4(a)(5)(C) provides that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Here, judgment was entered on September 29, 2015. Petitioner's time to appeal expired on October 29, 2015. Therefore, the undersigned may extend petitioner's time to appeal another

thirty days, to November 28, 2015. However, petitioner is strongly cautioned that no further extensions of time for filing may be granted. "The procedures set forth in rule 4 are strictly construed; there is no exception for prisoners proceeding pro se or for habeas corpus actions." Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir. 1988). Petitioner is advised that if he intends to file a notice of appeal, he must file the notice on or before November 28, 2015.[1] Fed. R. App. P. 4(a)(5)(C). This court lacks the power to grant plaintiff any further extensions of time in which to file a notice of appeal.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's pro se motion for extension of time to file an appeal (ECF No. 32) is granted.

2. Petitioner shall file his notice of appeal on or before November 28, 2015. No further extensions of time will be granted.

3. The Clerk of the Court is directed to send a copy of this order to petitioner.

Dated: November 9, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/thao1791.app

---

[1] Federal Rule of Appellate Procedure 3(c)(1) sets forth the specific information the notice of appeal must contain: "The notice of appeal must: (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X'; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). Petitioner does not require court transcripts in order to complete the notice of appeal.